### J. M. SUTTON v. SUNCREST LUMBER COMPANY ET AL.

(Filed 9 January, 1929.)

APPEAL by defendant from *Harwood, Special Judge,* at September Term, 1928, of HAYWOOD.

Civil action to recover damages for an alleged negligent injury sustained by plaintiff while working as a "tong-hooker" at one of the defendant company's steam log-loaders.

It is alleged that plaintiff's injury was due to an overhead cable being stretched too tight, which caused "the shackle-pin" to break and throw the "fall block" or the shackle and cable against plaintiff, injuring his legs and back and fracturing a rib.

Plaintiff testified: "The weight of the overhead cable is on the shackle-pin. If the cable is too tight, it is dangerous. The foreman told the rigger that morning to loosen the cable as it was dangerous. He said it was too tight. But after telling the rigger to loosen the line, the foreman went ahead with the logging with the line in that condition. The block fell 40 or 50 feet, striking me on the back and inflicting serious injury."

Issues of negligence and damages were submitted to the jury and answered in favor of the plaintiff. From the judgment rendered thereon the defendants appeal, assigning as their chief error the refusal of the court to enter judgment as in case of nonsuit.

*Morgan & Ward and M. G. Stamey for plaintiff.*
*Rollins & Smathers for defendants.*

PER CURIAM. Even if it be conceded that on the record the jury might well have returned a verdict in favor of the defendants, still the evidence of the plaintiff, taken in its most favorable light, the accepted position on a motion to nonsuit, was such as to require its submission to the twelve.

A careful perusal of the record discloses no material or substantial error. The verdict and judgment will be upheld.

No error.